28 C.C.P.A. (Patents)

## In re ABERNATHY.

### Patent Appeal No. 4447.

Court of Customs and Patent Appeals.
March 31, 1941.

Harold I. Popp, of Buffalo, N. Y., and Joseph W. Milburn, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

There are involved here four claims numbered, respectively, 15, 18, 21, and 23 relating to a method of road paving, particularly, the application states, "to a method of laying stone and asphalt mixes upon roadways * * *."

It appears that appellant, on February 22, 1938, received a patent, No. 2,109,020, for a road paver, issued upon an application, serial No. 744,933, filed September 21, 1934, and the instant application, which was filed February 26, 1935, recites that it is a continuation in part of the application upon which the patent was granted.

The examiner took the view that the claims (all being method claims) are not patentably different from the paving structure claimed in the patent. So, he rejected them. His decision was affirmed by the board, and by appeal the case is brought before us for review.

The patent so cited is the only reference. It being appellant's own patent, issued less than two years before the filing of the present application, it is pertinent here only as to what is claimed therein.

Claims 15 and 21 are illustrative of the subject matter of the application. They read:

"15. As a continuous process, the method of paving a road with paving material consisting of mixed aggregate and a binder, which consists in depositing an excess of material on the surface to be paved, reciprocating a strike-off member horizontally along said material to grade the material and elevating and depressing said strike-off member in response to the undulations of the surface to be paved and at the same time in response to the undulations of the freshly graded surface whereby the character of the graded surface is affected to a reduced degree by irregularities in the surface to be paved."

"21. As a continuous process, the method of paving a road with paving material consisting of mixed aggregate and a binder, which consists in moving a column of said paving material of substantial height along the surface to be paved, and continuously cutting off the base of said moving column along a line elevated and depressed in response to the undulations, adjacent said column, of the surface to be paved."

The sole issue to be determined is whether the appealed claims are patentably distinct from the subject matter claimed in the patent, and, for purposes of comparison, we quote claim 1 of the patent:

"1. In a road paver of the character described, a carriage, means for movably supporting the front end of said carriage and arranged to ride on the relatively rough surface to be paved, means intermediate the front and rear ends of said carriage for depositing an excess of paving material on the surface to be paved, means for cutting off said excess to provide a smooth graded layer, means for adjusting the elevation of said last means relative to said carriage to adjust the thickness of the layer of surfacing material being laid, and means for movably supporting the rear end of the carriage comprising a plurality of rollers adapted to traverse and roll the full width of the strip laid by said depositing means, said rollers being arranged one in advance of the other so that their paths overlap, and spring means interposed between at least one of said rollers and the frame whereby both of said rollers are at all times in contact with the finished surface and the level of the finished surface is determined by the differential in height between the means supporting the front end of the carriage and said rollers."

It was the opinion of the examiner that the appealed claims "could be reconstructed into structure form without changing the sense thereof" and that they are "directed to the same invention as that of the patented machine." The board agreed with this view, saying, inter alia:

"When the prior patent expires, it seems to us that the public should be entitled to use the apparatus covered thereby in the manner which the patent teaches and which is set forth in certain of the patent claims. See, for example, claim 1, wherein it is stated that means is provided for movably supporting the front end of the carriage arranged to ride on the relatively rough surface to be paved and that means is provided for movably supporting the rear end of the carriage adapted to traverse and roll the full width of the strip laid by said depositing means.

"While the patent claims may include these structural features somewhat more in detail than the claims before us, it is conceivable that apparatus claims could be drawn of substantially the same scope as the method claims here presented."

Before us appellant has urged that the paver described in the patent (as well as one described in another of appellant's patents) can be used commercially without practicing the process in issue. Just what is meant by the term "commercially" is not altogether clear to us. As we understand appellant's argument on this point, however, it is based upon the fact that as to both his patents the pavers might ride on rails when supplied with flanged wheels, in which event the process of the appealed claims would not be carried out.

This argument is not impressive, because, even if it be conceded that rails might be used, it is clear and appellant's brief concedes that the pavers defined in both patents can be used without rails. Illustrative claim 1 of the patent quoted above definitely describes a device in which no rails are used, and we are unable to see how the machine defined in that claim could be operated without definitely carrying out every step defined in the appealed claims.

It is also urged by appellant that the process described in the appealed claims can be practiced without the use of the patented paver, as for example, by hand or "with apparatus strikingly different from that conceived by appellant."

Even if this be conceded, it would not settle the real issue of this case which, it may be repeated, is whether there is a patentable distinction between the subject matter of the appealed claims and that of the reference patent.

In this connection it may be said that the examiner at one place expressed the view that the appealed claims are directed to the function of the machine, and appellant has discussed this at some length in his brief before us. It is well settled, of course, that process claims which claim merely the function of a machine are not allowable, but we do not find it necessary to consider that element here, because we are of the opinion that the appealed claims present no patentable distinction over the claims of the patent.

A case relied upon by appellant to support his contentions is that of In re McKee, 79 F.2d 905, 23 C.C.P.A., Patents, 717. In that case separate applications, relating generally to ink marking carcasses (in meat packing), were filed in the Patent Office, one application being for apparatus and the other for method. McKee received a patent for the apparatus but the application embracing the method claims was rejected some time after the apparatus application had been allowed, the rejection by the board being based upon the ground that to allow the method claims would result in double patenting. We reversed the decision of the board, but the reversal was based upon a finding of fact. We were of the opinion that the method claims there involved embraced subject matter (of course, supported by the disclosure) which was patentably different from the subject matter of the apparatus claims.

A similar situation is not present here.

Each patent case, as so often has been said, must be determined, where questions of fact are controlling, upon its own state of facts.

In general, the case of In re Arendt, 74 F.2d 765, 22 C.C.P.A., Patents, 885, is more nearly analogous to the instant case than is that of In re McKee, supra. See also In re Fischer, 57 F.2d 369, 19 C.C.P.A., Patents, 1077; In re Thompson, 62 F.2d 90, 20 C.C.P.A., Patents, 725.

The decision of the board is affirmed.

Affirmed.